FRED BREZINSKI et al., executors, complainants-appellants,.

*v.*

HARRY BREVES, defendant-respondent.

[Submitted May 29th, 1931. Decided October 19th, 1931.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Bigelow, who filed the following opinion:

"The bill of complaint was filed for the specific performance of a contract for the sale of real estate, 61½ Bowers street,. Jersey City, made between the complainants as vendors and the defendant as vendee. The defendant resists the bill on the ground that the complainants cannot give a marketable title. The solution of the controversy depends upon the construction of the will of the Reverend Robert Hafer, deceased, of which complainants are executors. The will is very long and was evidently drawn by the testator himself without the aid of counsel. The provision relating to this property reads:

" 'Seventh: Disposition of My House. My 2 family Frame-House at 61½ Bowers Street, Jersey City * * * kitchen and cellar shelfs,. window and door screens included in sale for absolutely cash. I wish it to be sold, if possible, to a decent german-american, private family, preferably my next door neighbor, Mr. Harry Breves of 61 Bowers Street; not at auction but by free-hand sale at as high a market price cash as can be secured for charitable purposes; Mr..

C. C. Schrader, the relator of 119 Bowers Street, might be given the preference to effectuate the sale at two and one-half per cent. commission.'

"No express power of sale is given to the executors and no words from which a power may be implied except those above quoted. No express disposition is made of the proceeds of the sale of the house and no definition of the charitable purposes for which it is to be sold. There are, however, a number of charitable bequests totaling about $15,000. The residuary clause follows:

" 'Thirteenth: Residuary Estate. All cash residuary funds I give and bequeath "procentaaliter" to my 12 herein named German Relatives.'

"The only parties to this suit are the executors and the vendee. No one claiming an interest in the real estate under the will can be concluded by the decree in the cause and therefore there should not be a decree for specific performance unless the power of sale is so clear that it cannot be plausibly contested in another action.

"The bill of complaint does not state the amount of personal property which the testator left or the amount of debts and it does not allege that a sale of this real estate is necessary in order to raise the amount of the bequests. I may therefore assume that all the bequests can be satisfied out of the personal estate. The residuary clause is limited to 'cash residuary funds' and does not seem to include the real estate or the proceeds thereof, if sold.

"The seventh paragraph of the will directs a sale of the house 'for charitable purposes'—or at least so the will may be construed. A gift for such purposes in order to be valid must be sufficiently definite to permit the testator's intention to be carried out. To what charitable purposes are the proceeds of this sale to be applied? There is no guide by which that question can be answered. The heirs may plausibly contend that the implied gift of the proceeds of the property is invalid. If so, the implied power of sale would probably likewise fail.

"The power of sale is not so clear that the vendee should be required to accept title. I will therefore advise a decree dismissing the bill of complaint."

*Messrs. Schumann & Schumann,* for the appellants.

*Messrs. Erwin, Erwin & Davidson,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion of Vice-Chancellor Bigelow.

*For reversal*—None.